UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                            Criminal No. 10-CR-20694-06

vs.                                                    HON. BERNARD A. FRIEDMAN

ANTHONY VEGA JR.,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 608]. The government has filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

In February 2012, the Court sentenced defendant to a 151-month prison term (the bottom of his sentencing guideline range) after he pled guilty to conspiring to distribute and possessing with intent to distribute cocaine.[1] He is incarcerated at FCI Forrest City Medium in Forrest City, Arizona, and seeks release "because of the health dangers created by the Covid 19

---

[1] The factual basis for defendant's guilty plea is stated in ¶ 1C of the parties' Rule 11 Plea Agreement:

> On or before November 2009 continuing through April 2010, in the Eastern District of Michigan, the Defendant, knowingly, intentionally and unlawfully conspired and agreed with another to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, 25 grams of crack, and 3.78 pounds of marijuana. The defendant stipulates that the cocaine was seventy-three and a half (73.5) grams of a mixture containing a detectable amount of cocaine.

pandemic combined with [his] preexisting health condition, which make him more vulnerable to Covid 19 than other inmates." Def.'s Mot. at 3. Defendant indicates that he "suffers from . . . asthma from time to time." *Id.* The government opposes the motion on the grounds that the risk to defendant's health is minimal and that he does not meet other requirements for compassionate release.

This Court has summarized the legal standards applicable to this motion as follows:

> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(I); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release

would not be appropriate in this case. First, defendant has not shown that he has a medical condition that places his health and safety at such great risk to constitute extraordinary and compelling reasons for release. The Centers for Disease Control and Prevention currently recognizes moderate to severe asthma as a condition that "might" be a COVID-19 risk factor. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 2, 2020). Prison medical records from May 2020 attached to defendant's motion characterize his asthma as "exercised-induced that is worse during the summer." PageID.1839. Defendant was prescribed an inhaler "only during summer months," as defendant had not needed one during the fall and winter. *Id.* These records, which characterize defendant as a 31-year old healthy male with no other relevant complaints. also indicate that defendant has tested negative for the virus as recently as August 2020. *Id.* The mere fact that defendant has asthma – which he has not shown to be moderate to severe – does not put him at any particular risk of becoming severely ill if he contracts COVID-19.

Further, defendant has not shown that the risk of infection at FCI Forrest City Medium is unacceptably high. The BOP has taken significant steps to minimize the spread of the virus at all BOP facilities, including by reducing the prison population by granting home confinement to 7,745 inmates (as of late September 2020) nationwide. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant in the present case has not shown that the BOP's efforts to combat the spread of the virus are inadequate or that FCI Forrest City Medium would be unable to adequately treat him if he were to become ill.

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has shown no more than a generalized risk, not a risk that is specific to him based on his living circumstances and medical condition.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: October 7, 2020            Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2020.

Anthony Vega, Jr, #45274-039            s/Johnetta M. Curry-Williams
Forrest City Medium FCI                 Case Manager
Inmate Mail/Parcels
PO Box 3000
Forrest City, AR 72336